# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ELLA M. BELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06-3038 and 06-3040 |
| | ) | Consolidated Cases |
| BLATT, HASENMILLER, LEIBSKER, | ) | |
| & MOORE, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

In this consolidated case, the Court considers two motions to dismiss filed by Defendant Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") with respect to claims Plaintiff Ella Beler ("Beler") filed under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

## FACTS

Beler accumulated charges on her Providian credit card and then failed to pay her debt. Providian sold her account to Palisades Collection

1

LLC and Palisades retained Blatt to collect Beler's debt. Blatt sent Beler an initial demand letter on August 19, 2004. Beler ignored the letter.

Acting on Palisades' behalf, Blatt sued Beler on October 21, 2004, for $3011.70 plus court costs. *See Palisades Collection LLC v. Beler,* Sangamon County Cir. Ct., Case No. 2004 SC 4801. The complaint Blatt filed on that date was supported by an affidavit from a Palisades employee attesting to the amount due. The affidavit also stated that Palisades was the assignee of "Providian National Bank." Beler admitted she owed the money and judgment was entered against her on November 19, 2004. Beler failed to satisfy the judgment or make arrangements to do so. Thus, on January 28, 2005, Blatt issued a citation to discover assets. On February 25, 2005, the state court issued a conditional judgment against Beler's bank for an amount equal to the underlying judgment. Beler's attorney filed a motion to quash on March 24, 2005, arguing that the funds in her bank account contained exempt Social Security benefits. Blatt dismissed its citation, but the judgment against Beler has never been satisfied.

In addition to the foregoing state court matter, Beler was subjected to a second state court lawsuit.  Like the first suit, the second one began when Beler failed to pay other charges she accumulated on her Providian credit card.  Providian sold the delinquent account to Palisades and Palisades retained Blatt to collect Beler's debt.  Once again acting on Palisades' behalf, Blatt sent Beler an initial demand letter on December 16, 2004.  Beler ignored that letter as she had the previous one.  On February 18, 2005, Blatt sued Beler in state court on Palisades' behalf. Blatt sought judgment of $2855.50 plus court costs.  *See Palisades Collection LLC v. Beler*, Sangamon County Cir. Ct., Case No. 2005 SC 0947.  An affidavit from a Palisades employee attested to the amount due and stated that Palisades was "Providian National Bank['s]" assignee. *Id.*

On February 24, 2005, Beler was served with a copy of the complaint.  *Id.*  Beler appeared with counsel at a March 18, 2005, hearing and the court set the case for trial.  Prior to trial, Palisades moved to voluntarily dismiss the case.  On June 21, 2005, the state court

3

dismissed the case without prejudice.

On February 24, 2006, Beler turned the tables and filed two FDCPA lawsuits against Blatt in this Court. She filed both cases on the same day. Because the cases involved the same parties and raised similar issues, the Court consolidated them under Federal Rule of Civil Procedure 42(a). *See* docket entry dated Oct. 2, 2006.

In the first lawsuit, *Beler v. Blatt, Hasenmiller, Leibsker, & Moore, LLC.*, 06-3038 (C.D.Ill. Feb. 24, 2006), Beler alleged Blatt violated §1692e of the FDCPA by filing and "serving upon Plaintiff a pleading and affidavit that is false and misleading as to the identity of the creditor and the existence of an assignment of the underlying alleged debt," and by "threatening to take the action of litigating the debt" when Blatt did not intend to litigate. *Id.* In the second lawsuit, *Beler v. Blatt, Hasenmiller, Leibsker, & Moore, LLC.*, 06-3040 (C.D.Ill. Feb. 24, 2006), Beler alleged Blatt violated § 1692f of the FDCPA by attempting to collect a debt from exempt Social Security benefits. *Id.* She also claimed Blatt violated § 1692e by filing and serving upon her a pleading an

4

affidavit that was false and misleading as to the creditor's identity and the existence of an assignment of the debt. *Id.*

Blatt moves the Court to dismiss Beler's cases as untimely. Alternatively, Blatt asserts that dismissal is appropriate because the state court complaint was not false or misleading and there was no false threat of legal action.

## STANDARD OF REVIEW

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept the allegations set forth in a plaintiff's complaint as true and all reasonable inferences should be drawn in favor of Plaintiffs. *Cleveland v. Rotman,* 297 F.3d 569, 571 (7th Cir. 2002). Dismissal is appropriate only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## ANALYSIS

The FDCPA provides a one-year statute of limitations. 15 U.S.C. §

1692k ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."). The offending acts that Beler alleges are all contained in the state court complaint that Blatt filed on February 18, 2005. Blatt served Beler with a copy of that complaint on February 24, 2005. Beler sued Blatt under the FDCPA on February 24, 2006.

The Seventh Circuit Court of Appeals has not addressed the issue of how to determine the date of an FDCPA violation in a case such as this. A majority of the Circuits that have considered the issue have concluded that the limitations period runs from the date of the offending act. *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997); *Maloy v. Philips*, 64 F.3d 607, 608 (11th Cir. 1995); *Mattson v. U.S. West Communications*, 967 F.2d 259, 261 (8th Cir. 1992). District courts in the Seventh Circuit have adopted the majority view. *See Garnett v. Empire Cooler Serv., Inc.,* 2004 WL 2011399, at *1 (N.D.Ill. April 16, 2004) (unpublished); *Blakemore v. Pekay,* 895 F.Supp. 972, 982-83 (N.D.Ill.1995). The Tenth Circuit Court of Appeals has decided the

6

issue differently, holding that no violation of the FDCPA occurs until the plaintiff receives a copy of the offending item.  *See Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002).

Although filing a lawsuit is different from mailing a letter, the two events are analogous for purposes of the FDCPA's statute of limitations. Moreover, as the majority view persuasively states, beginning the limitations period on the date a complaint is filed is logical because that is the debt collector's last opportunity to comply with the Act and the filing date is easily ascertainable.  *See Naas*, 130 F.3d at 893.  Thus, the Court is persuaded that the filing of a complaint starts the FDCPA's limitations period.

Blatt filed its state court lawsuit against Beler on February 18, 2005.  Beler argues that the materials Blatt filed in the February 18, 2005, lawsuit violated the FDCPA.  Thus, the statute of limitations began to run on February 18, 2005, since that was the date of the offending acts.  Beler had one year from that date to file her lawsuit. Because she did not file suit until February 24, 2006, the claims she

7

makes in case 06-3038 are time-barred.

The post-judgment citation to discover assets that forms the basis for the FDCPA claims Beler asserts in case 06-3040 was filed on January 28, 2005.  Pursuant to the reasoning and holdings cited above, the Court finds that January 28, 2005, filing started the statute of limitations on FDCPA claims related to the citation to discover assets.  Beler had one year from that date to file her FDCPA claims.  Since she did not file until February 24, 2006, the claims in case 06-3040 are time-barred as well.

## CONCLUSION

Ergo, the Defendants' Motion to Dismiss in case 06-3038 (d/e 11) and 06-3040 (d/e 11) are ALLOWED.  These CASES ARE CLOSED.

IT IS SO ORDERED.

ENTER:  March 30, 2007

FOR THE COURT:

s/ Richard Mills
United States District Judge

8